IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00281-BNB

WILLIAM R. BRAMSCHER,

    Plaintiff,

v.

CITY OF WESTMINSTER, CO,
WESTMINSTER POLICE DEPT, CO,
WESTMINSTER MUNI COURT, CO,
OFFICE OF THE STATE PUBLIC DEFENDER, CO,
ALTERNATIVE DEFENSE COUNSEL, CO, and
COLORADO MENTAL HEALTH INSTITUTE (CMHIP), CO,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, William R. Bramscher, filed a Complaint *pro se* (ECF No. 1). The court must construe the Complaint liberally because Mr. Bramscher is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Bramscher will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Complaint is deficient. First, it is not clear exactly who Mr. Bramscher is suing. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Mr. Bramscher should list each Defendant on a separate line in the caption of the amended complaint he will be directed to file.

The Complaint also does not comply with the pleading requirements of Rule 8 of

the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Bramscher indicates that he is asserting constitutional claims pursuant to 42 U.S.C. § 1983. However, he fails to provide a short and plain statement of any constitutional claims showing he is entitled to relief because he fails to identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her;

when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

For these reasons, Mr. Bramscher must file an amended complaint if he wishes to pursue his claims in this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Bramscher should name as Defendants only those persons he contends actually violated his federal constitutional rights. Mr. Bramscher may not include in his amended complaint claims against the State of Colorado or any state agencies because they are protected by Eleventh Amendment immunity. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252-53 (10th Cir. 2007) (noting that the Eleventh Amendment protects states and state entities regardless of whether a plaintiff seeks declaratory or injunctive relief or monetary damages). Mr. Bramscher also may not include claims against a municipality unless he can demonstrate he suffered an injury caused by a municipal

policy or custom.  See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Accordingly, it is

ORDERED that Mr. Bramscher file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Bramscher shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Bramscher fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED February 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge