IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00281-BNB

WILLIAM ROBERT BRAMSCHER,

    Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO, et al.,
COUNTY OF ADAMS, et al.,
BRENT McFALL, in his personal official capacity as Mayor of the City of Westminster,
    Colorado, et al.,
STEVE SMITHERS, in his official capacity as Deputy City Manager, City of
    Westminster, Colorado, et al.,
HERB ATCHISON, in his official capacity as Mayor, City of Westminster, Colorado, et
    al.,
FAITH WINTER, in her official capacity as Mayor Pro Tem, City of Westminster,
    Colorado, et al.,
BRUCE BAKER, in his official capacity as Councilor, City of Westminster, Colorado, et
    al.,
BOB BRIGGS, in his official capacity as Councilor, City of Westminster, Colorado, et al.,
ALBERTO GARCIA, in his official capacity as Councilor, City of Westminster, Colorado,
    et al.,
EMMA PINTER, in her official capacity as Councilor, City of Westminster, Colorado, et
    al.,
ANITA SEITEZ, in her official capacity as Councilor, City of Westminster, Colorado, et
    al.,
NANCY McNALLY, in her personal and official capacity as former Mayor, City of
    Westminster, Colorado, et al.,
JOHN HICKENLOOPER, in his official capacity as Governor of the State of Colorado, et
    al.,
JOHN W. SUTHERS, in his official capacity as Attorney General of the State of
    Colorado, et al.,
DOUGLAS K. WILSON, in his official capacity as Colorado State Public Defender of
    Colorado, et al.,
LINDY FROLICH, in her official capacity as Director Alternative Defense Counsel of
    Colorado, et al.,
REGGIE BICHA, in his official capacity as Executive Director of the Colorado
    Department of Human Services, CMHIP, et al.,
TERESA A. BERNAL, in her official capacity as Interim Superintendent of the Colorado
    Mental Health Institute at Pueblo, et al.,
THOMAS P. RAVANELLE, in his personal capacity as Special Agent in Charge, Denver

    FBI Field Office, Colorado, Supervisory Liability,
JASON MALIN, in his personal capacity as an FBI Agent, Denver FBI Field Office,
    Colorado, Direct Liability
DON QUICK, in his personal and professional capacity as former District Attorney of
    Adams County/District Court, Colorado, et al.,
DANIEL THOMAS BRECHBUHL, in his personal and professional capacity as former
    Senior Deputy District Attorney of Adams County/District Court, Colorado, et al.,
STACY K. MOORE, in her personal and professional capacity as former agent of the
    District Attorney of Adams County/District Court, Colorado, et al.,
CARA M. BOXBURGER, in her personal and professional capacity as an agent of the
    District Attorney of Adams County/District Court, Colorado, et al.,
CATHLIN MARIANNE SANDLER, (formally MATSON) in her personal and professional
    capacity as a Public Defender 10CR3690, et al.,
RAYMOND F. JOACHIM, in his personal and professional capacity as Advisory
    Defense Counsel 10CR3690, et al.,
RICHARD ANTHONY HERNANDEZ, in his personal and professional capacity as
    Alternative Defense Counsel 10CR3690, et al.,
FRANCES E. SIMONET, in her personal and professional capacity as Alternative
    Defense Counsel 10CR3690, et al.,
BRIAN BOWEN, in his personal and professional capacity as an
    Attorney/Magistrate/Judge for the Adams County District Court, Colorado, et al.,
BYRON LYNN HOWELL, in his personal and professional capacity as an
    Attorney/Magistrate/Judge for the Adams County District Court, Colorado, et al.,
JOHN E. POPVICH, JR., in his personal and professional capacity as an
    Attorney/Magistrate/Judge for the Adams County District Court, Colorado, et al.,
WESTMINSTER POLICE DEPARTMENT, Colorado, et al.,
RICHARD J. INFRANCA, in his personal and professional capacity as a Detective for
    the City of Westminster, Colorado, et al.,
PHILIP A. MAIMOME, in his personal and professional capacity as a Police Officer for
    the City of Westminster, Colorado, et al.,
JAMES K. WOLLACK, in his personal and professional capacity as a Police Officer for
    the City of Westminster, Colorado, et al.,
LEE BIRK, in his personal and professional capacity as Chief of Police for the City of
    Westminster, Colorado, et al.,
TIM CARLSON, in his personal and professional capacity as Patrol Services Division
    Manager for the City of Westminster, Colorado, et al.,
MIKE CRESSMAN, in his personal and professional capacity as a Deputy Chief of
    Police for the City of Westminster, Colorado, et al.,
JEFF JONES, in his personal and professional capacity as a Deputy Chief of Police for
    the City of Westminster, Colorado, et al.,
DOUGLAS SGAMBELLURI, in his personal and professional capacity as a Police
    Sergeant for the City of Westminster, Colorado, et al.,
MICHEAL MORISON, in his personal and professional capacity as a Registered Doctor
    and agent of CMHIP, et al.,
MATT LUFTKUS, in his personal and professional capacity as former Deputy City

      Manager for the City of Westminster, Colorado, et al.,
TRACY CUTSHAW, in her personal and professional capacity as a Probation Officer for the Municipal Court, City of Westminster, Colorado, et al.,
CAROL BARNHARDT, in her personal and professional capacity as Court Administrator for the Municipal Court, City of Westminster, Colorado, et al.,
ROSANNA MINJARIZ, in her personal and professional capacity as the City Operator, Westminster, Colorado, and
JOHN ANTHONY STIPECH, in his personal and professional capacity as elected attorney with magistrate duties for the Westminster Municipal Court, Colorado, and in his personal participation as the only "victim" 10CR3690,

      Defendants.

## ORDER OF DISMISSAL

Plaintiff, William Robert Bramscher, initiated this action by filing *pro se* a Complaint (ECF No. 1). On February 3, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Bramscher to file an amended complaint that clarifies who he is suing and the claims he is asserting in this action. With respect to the claims Mr. Bramscher is asserting, Magistrate Judge Boland determined that the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland warned Mr. Bramscher that, if he failed to file an amended complaint that complies with the pleading requirements of Rule 8, the action would be dismissed without further notice. On March 10, 2014, Mr. Bramscher filed an amended complaint (ECF No. 12).

The Court must construe the amended complaint liberally because Mr. Bramscher is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For

the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended complaint and finds that Mr. Bramscher still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Boland, Mr.

Bramscher fails to provide a short and plain statement of his claims showing he is entitled to relief. The amended complaint is prolix and contains unnecessary legal argument. It is not clear what specific claims Mr. Bramscher is asserting, the specific facts that support each claim, against which Defendant or Defendants each claim is asserted, and what each Defendant did that allegedly violated his rights. As a result, Mr. Bramscher's amended complaint does not give Defendants fair notice of the specific claims being asserted against them. Instead, Mr. Bramscher places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific factual allegations support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Because Mr. Bramscher fails to provide a clear and concise statement of the claims he is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint (ECF No. 1), the amended complaint (ECF No. 12), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Bramscher failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   18th   day of    March        , 2014.

BY THE COURT:

　　s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court